UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY E. STEPHENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-01350-TAB-WTL |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S OPENING BRIEF IN SUPPORT OF APPEAL**

## I. Introduction

Plaintiff Larry E. Stephenson appeals the Administrative Law Judge's denial of his application for a period of disability, disability insurance benefits, and supplemental security income. Stephenson's alleged impairments include a degenerative joint in the left ankle, degenerative lumbar disc disease, and chronic obstructive pulmonary disease. Stephenson raises three issues on appeal: (1) whether the ALJ erred in weighing evidence from Stephenson's treating physician; (2) whether the ALJ's credibility determination was patently erroneous; and (3) whether the ALJ erred in evaluating the combined effect of obesity with Stephenson's other impairments. For the reasons set forth below, Plaintiff's brief in support of appeal [Filing No. 21] is denied, and the Commissioner's decision is affirmed.

## II. Discussion

### A. Standard of Review

The Social Security regulations provide a five-step sequential inquiry to determine whether a plaintiff is disabled: whether the plaintiff (1) is currently unemployed; (2) has a severe

1

impairment; (3) has an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work in the national economy. 20 C.F.R. § 404.1520; S*imila v. Astrue,* 573 F.3d 503, 512–13 (7th Cir. 2009). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000) (quoting *Zalewski v. Heckler,* 760 F.2d 160, 162 n.2 (7th Cir. 1985)). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.*

The Court must uphold the ALJ's decision if substantial evidence supports her findings. *Pepper v. Colvi*n, 712 F.3d 351, 361–62 (7th Cir. 2013). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore v. Colvin,* 743 F.3d 1118, 1123 (7th Cir. 2014). The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper,* 712 F.3d at 362.

B. *Treating physician's opinion*

Stephenson's first argument concerns the opinion of his treating physician Dr. Frank Campbell. Stephenson asserts that the ALJ erroneously gave Dr. Campbell's medical opinion little weight. Dr. Campbell was Stephenson's treating physician for over three years with several

2

visits during the relevant time period, which Stephenson argues warrants greater weight. [Filing No. 21, at ECF p. 7.] The Commissioner claims that the ALJ appropriately explained his reasons for giving Dr. Campbell little weight and therefore did not err.

The ALJ did not err in refusing to afford Dr. Campbell controlling weight. The ALJ gave little weight to Dr. Campbell's medical opinion as it was expressed in the form of a residual functional capacity assessment, which is an assessment for the Commissioner to make. The ALJ noted that such a medical opinion will never be given controlling weight, even if from a treating physician. Moreover, the ALJ explained that Dr. Campbell's opinion used "temporal terms 'occasionally' and 'often' [that] are not defined and therefore provide little useful input into a detailed assessment of the claimant's functional capacities and limitations." [Filing No. 18-2, at ECF p. 18.] Indeed, Dr. Campbell's opinion is in a checklist format and provides no useful information in terms of Stephenson's medical condition. The opinion lists Stephenson's conditions and the medication that he takes for his impairments. Dr. Campbell checked off on the form that Stephenson's impairments substantially impair the patient's ability to perform labor or services or to engage in a useful occupation, but he failed to provide any explanation as to how Stephenson's impairments limit his abilities. [Filing No. 18-1, at ECF p. 34-36.]

Moreover, Dr. Campbell's opinion conflicts with the objective medical evidence. Dr. Campbell's own medical reports are unremarkable and do not support a disability finding. He consistently reported that Stephenson had a normal gait and posture, with normal chest and lung examinations, normal cardiovascular examinations, and normal strength and tone in all upper and lower extremities. Dr. Campbell also consistently reported no acute distress in Stephenson's appearance. [Filing No. 18-7, at ECF p. 10-11, 12; Filing No. 18-11, at ECF p. 10, 11, 19, 34-38.] Thus, the ALJ's reasoning for giving Dr. Campbell's opinion little weight is supported by

the record. Because the ALJ minimally articulated his reason for declining to afford Dr. Campbell controlling weight, remand on this issue is not appropriate. *Elder v. Asture*, 529 F.3d 408, 416 (7th Cir. 2008).

    C. *Credibility determination*

Stephenson also objects to the ALJ's credibility determination. The ALJ found that Stephenson was partially credible as his pain symptoms were not substantiated in the record, there was a discrepancy in the record suggesting exaggeration, and his conditions improved with treatment. Stephenson argues that this credibility determination was in err because there was no discrepancy in the record suggesting exaggeration of symptoms, but merely insufficient objective evidence as to Stephenson's subjective complaints of pain. The Commissioner argues that the ALJ did not err in his credibility determination as he relied on a number of factors in arriving at his decision including, Stephenson's daily activities; the location, duration and intensity of symptoms; aggravating factors; medications taken; and treatment.

The Court defers to an ALJ's credibility determination and will only overturn it if it is patently wrong. *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). In the instant case, the ALJ rightly relied on evidence of Stephenson's treatment, medication, and his daily activities to find Stephenson partially credible. For one, Stephenson complained that he stayed home most of the time and could sit about a half an hour before he needed to get up and stretch, but medical reports consistently showed no acute distress symptoms. Stephenson testified that he occasionally used a cane to balance. [Filing No. 18-2, at ECF p. 17.] Yet the medical evidence showed he had a normal gait and posture. [Filing No. 18-11, at ECF p. 10, 11, 19, 34-38.] The ALJ noted that Stephenson was taking pain medication, but the record failed to show any specialized care, physical therapy, electrical stimulation, injections, or surgery. The ALJ noted

4

Stephenson's difficulty breathing with environmental irritants and extreme weather changes due to his chronic obstructive pulmonary disease. He also had a worsening chronic shortness of breath in June 2011. However, his shortness of breath improved since then. [Filing No. 18-8, at ECF p. 9.] Stephenson's chest and lung exam revealed a symmetric shape with no use of accessory muscles in breathing, and percussion and palpation were normal. While expiratory wheezes were heard in both lung fields, it was mild. [Filing No. 18-11, at ECF p. 60.]

The ALJ also considered Stephenson's subjective complaints, noting that he described his pain as constant and rated it a level seven with medication. [Filing No. 18-2, at ECF p. 17.] However, the ALJ determined that objective medical evidence did not fully support Stephenson's subjective reports of pain. In making this determination, the ALJ reasoned that Stephenson's medical reports were unremarkable, his doctors reported normal strength in his extremities, and he had no appearance of acute distress during his examinations. Thus, the ALJ's decision that Stephenson was partially credible was not in error. *Getch,* 539 F.3d at 483 ("[A]n ALJ may disregard a claimant's assertions of pain if he validly finds them not credible."). The ALJ supported his credibility determination with substantial evidence and it was not patently wrong.

### D. Obesity's combined effects

Stephenson's final argument relates to his obesity. He claims that the ALJ erred in finding that his obesity did not significantly affect his medical health, other medical problems, or physical functioning. Stephenson's impairments concern his respiratory and musculoskeletal systems, which Stephenson argues would reasonably be expected to be exacerbated with obesity. The Commissioner responds that the ALJ relied on a state agency reviewing doctor's opinion that took Stephenson's obesity into account.

The ALJ explicitly considered Stephenson's obesity, but did so perfunctorily. The ALJ found that Stephenson's obesity did not significantly affect his medical health, his other medical problems, or his level of physical functioning, but this finding was based on a limited analysis. [Filing No. 18-2, at ECF p. 15.] This finding might be vulnerable given that Stephenson weighs 275 pounds with a BMI of 38, making him close to morbidly obese. In the recent case *Goins v. Colvin,* --- F.3d ---, 2014 WL 4073108 (Aug. 19, 2014), the Seventh Circuit reiterated that ALJs have to consider an applicant's medical problems in combination. Specifically, ALJs must consider the effect of obesity as it can aggravate already existing conditions. *Goins,* 2014 WL 4073108, at *4 (remanding the case due to several errors made by the ALJ, one of which being the ALJ's failure to consider the claimant's obesity in combination with her other impairments). In this instant case, the ALJ acknowledged that Stephenson was obese, but dismissed it as not significantly affecting his health without referencing supporting evidence.

The problem Stephenson faces on appeal is that he fails to specify how his obesity further impaired his ability to work. Instead, he merely speculates that his impairments would be exacerbated by his obesity. While it may be reasonable to assume that obesity would affect Stephenson's capabilities in the workplace, Stephenson needed to connect the dots in this case and adequately set forth how his obesity would affect his ability to work. *See Skarbek v. Barnhart,* 390 F.3d 500, 504 (7th Cir. 2004) (finding no error in the ALJ's failure to mention obesity as the claimant did not explain how his obesity would have affected the ALJ's five-step analysis).

This is especially true given that Stephenson's doctors consistently reported he had a normal range of mobility and strength, a normal chest and lung function, and a normal cardiovascular function despite being obese. [Filing No. 18-7, at ECF p. 32, 35, 45, 49, 52;

Filing No. 18-11, at ECF p. 7-22, 24-25, 60.] Even Dr. Campbell found no acute distress during examinations. Moreover, state agency opinions considered Stephenson's obesity in their assessments and ultimately found Stephenson not disabled. The ALJ relied on these opinions in making his findings. [Filing No. 18-7, at ECF p 18, 29.] See *Skarbek*, 390 F.3d at 504 (finding that the ALJ did not err in failing to discuss the claimant's obesity when the ALJ adopted the limitations proposed by reviewing doctors aware of the claimant's obesity). This Court's adherence to *Goins* cannot substitute for an explanation by Stephenson as to how his obesity further impaired his ability to work. See 20 C.F.R. § 404.1512(a) (indicating that the claimant must furnish medical or other evidence to show that he is disabled). Given this shortcoming, no basis exists to overcome the ALJ's finding that obesity did not significantly affect his health, and remand therefore is not appropriate.

### III. Conclusion

For the reasons set forth above, Plaintiff's brief in support of appeal [Filing No. 21] is denied and the Commissioner's decision is affirmed.

Date: 8/27/2014

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas C. Newlin
FLESCHNER STARK TANOOS & NEWLIN
tom@fleschnerlaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov